DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant Vernon C., father of Whitney W. and Hannah C. For the following reasons, this court affirms the trial court.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "1. That the Juvenile Court erred in that the evidence lacked the clear and convincing standard that the minor children could not be placed with Vernon [W.] [C.] within a reasonable period of time, pursuant to O.R.C. 2151.414(B)(1)(a) and O.R.C.2151.414(E)(1), (2), (3), (4), and (12)."
 {¶ 4} Appellee Lucas County Children Services ("LCCS") first became involved with this family in September 2003, after the children's mother took some medication in front of her daughters, called the police and walked out of her home, leaving the two girls alone. Unfortunately, in November 2003, she was successful in taking her own life. LCCS continued to work with appellant and his daughters after their mother's death. In March 2004, appellant was arrested and charged with aggravated robbery. Whitney and Hannah then went to live with their maternal aunt, Alicia C. While appellant was incarcerated, he told his caseworker he was under the influence of alcohol and Valium when he committed the robbery. Appellant was incarcerated until June 2004, when he entered a guilty plea to the lesser charge of robbery and was released pending sentencing. After his release, appellant admitted to his caseworker that he was continuing to consume alcohol. On July 1, 2004, LCCS filed a complaint in dependency and neglect and a motion for shelter care. At a hearing held that same day, appellant agreed to placement of the children in shelter care and temporary custody was given to Alicia C. The magistrate ordered appellant to undergo a substance abuse assessment and follow all recommendations, submit to random drug and alcohol screenings, refrain from consuming alcohol, and follow through with mental health services.
 {¶ 5} Appellant failed to appear at his sentencing hearing on the robbery conviction in July 2004, and a capias was issued. In early September 2004, appellant was shot in the face at a crack house. Appellant was arrested shortly thereafter and on September 28, 2004, was sentenced to three years incarceration.
 {¶ 6} On September 22, 2004, an adjudicatory hearing was held. Appellant was not present. His court-appointed attorney stated she sent appellant a letter in August informing him of the hearing and asking him to contact her. He did not reply. Lori Wilson, the family's caseworker, detailed her initial contact with the family. She stated appellant admitted to a history of alcohol and drug abuse and had a history of mental health problems. Wilson testified she received a voice-mail from appellant in June 2004, in which he stated he was not going to participate in any case plan services and that his children could remain with their aunt. At an agency staffing on June 28, 2004, appellant admitted his continued alcohol use but denied making the call to Wilson. Counsel for appellee noted a police report which indicated appellant was transported to the hospital in June 2004, following a drug overdose.
 {¶ 7} The children were found dependent and neglected and the matter proceeded directly to disposition. Wilson testified as to the details of the case plan prepared for appellant and stated he had not participated in any of the services. She testified appellant had not been in contact with her since he was shot in the face in early September. She further testified the last time appellant visited his children was in early July. Appellant was permitted to have as much visitation as he desired, as long as it was supervised by the girls' aunt. She also testified the children's aunt was taking them to counseling and that her home had been approved following a home study. At the conclusion of the hearing, the magistrate awarded temporary custody to LCCS.
 {¶ 8} On January 31, 2005, LCCS filed a motion for permanent custody of Whitney and Hannah. In its motion, the agency alleged appellant had been sentenced to three years incarceration, had never attended parenting instruction, counseling or substance abuse treatment, and abused substances when not incarcerated; the children were in counseling; and the children's aunt wished to adopt them.
 {¶ 9} On May 24, 2005, the case was called for adjudication on the motion for permanent custody. When the court learned appellant's counsel had not been successful in contacting him in prison, the matter was continued to allow counsel time to speak with appellant. Adjudication was held on June 16, 2005. Counsel for appellant informed the court appellant had been incarcerated since October 5, 2004, on a three-year sentence. She had not spoken to him but had received a letter she described as difficult to understand in which he appeared to indicate a desire to contest the motion.
 {¶ 10} LCCS presented the testimony of Toledo Police Detective Paul Tetuan, caseworker Lori Wilson and Alicia C., the children's aunt. Detective Tetuan testified as to his contact with appellant after appellant was shot in September 2004. The shooting occurred when appellant and several others were in a residence using crack cocaine and playing with a loaded handgun.
 {¶ 11} Lori Wilson again testified as to her contact with appellant and his family. Appellant's case plan included services for parenting, counseling for appellant and Whitney, and substance abuse assessment and treatment for appellant. Wilson discussed the case plan with appellant but he made no progress. On one occasion, appellant called her and said he would not participate in any of the services. When appellant was released from jail in June 2004, she tried to make contact with him. She set up visits, sent letters and went to his home, to no avail. She further testified the children have been doing very well with their aunt and appear to be comfortable in her home. Their aunt had completed adoption classes, and a home study and safety inspection were underway at the time of trial. Additionally, the children and their aunt had been interviewed. She testified appellant had not communicated with her. She sent appellant a letter in March 2005, asking for a medical history regarding himself and the children but he returned the paperwork without providing any information. Wilson included in her letter appellant's attorney's name, phone number and address. She clarified that the children had lived with their aunt since March 2004. During the time appellant was not incarcerated, he visited the children on one or possibly two occasions. Appellant filed motions for judicial release from prison on two occasions and both motions were denied.
 {¶ 12} Alicia C., the children's aunt, testified she hopes to adopt the girls. She stated appellant visited them twice at her home. The first time he stayed for one hour; the second time he came unannounced, appeared intoxicated, and upset his children. She further testified as to child care arrangements for the girls while she works and said she had arranged for educational assessment for Whitney, who was behind in her schooling.
 {¶ 13} At the close of testimony, the children's guardian ad litem recommended that the agency be awarded permanent custody.
 {¶ 14} By judgment entry filed July 18, 2005, the trial court found there was clear and convincing evidence to support awarding permanent custody of Hannah and Whitney to Lucas County Children Services; that such an award was in the best interest of the children; and that the children cannot or should not be placed with a parent within a reasonable time. Appellant appeals from that judgment.
 {¶ 15} In a four-sentence argument in support of his sole assignment of error, appellant alludes to his "devotion" to his children and his desire to parent them. He asserts the trial court lacked clear and convincing evidence to support its finding that the children could not be placed with him within a reasonable time.
 {¶ 16} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C.2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)-(5) of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996),75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 17} This court has thoroughly reviewed the record of proceedings in this case, from the initial placement of the children with their aunt through the hearing on the motion for permanent custody. We note at the outset that by the time of the final hearing in June 2005, appellant was incarcerated, serving a three-year sentence for robbery. Pursuant to R.C.2151.414(E)(12), the trial court "* * * shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent * * *" (emphasis added) if the court finds, by clear and convincing evidence, that the parent is incarcerated when the motion for permanent custody is filed, as appellant herein was, and will not be available for the child for at least 18 months after the filing of the motion. The trial court's finding that R.C.2151.414(E)(12) applies in this case is supported by the record and is sufficient to support granting permanent custody to LCCS.
 {¶ 18} The trial court's decision also was based on its findings, pursuant to R.C. 2151.414(E)(1), (2) and (4), that appellant had failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the home, appellant suffered from chronic mental illness, and appellant demonstrated a lack of commitment toward the children by failing to regularly support, visit or communicate with them when able to do so.
 {¶ 19} Based on our review of the record as summarized above, we find that the trial court considered the best interest of Hannah and Whitney and that its decision was supported by clear and convincing evidence as to several of the conditions set forth in R.C. 2151.414(E). Accordingly, the trial court did not err by terminating appellant's parental rights as to Hannah and Whitney, and appellant's sole assignment of error is not well-taken.
 {¶ 20} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.